N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERRY TERRELL,

       Plaintiff,

                            CIVIL ACTION NO.

v.                          1:04-CV-2170-JEC

UNITED STATES OF AMERICA,

       Defendant.



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 3 0 2005

LUTHER D. THOMAS, Clerk
By:_____ Deputy Clerk

## O R D E R

This case is presently before the Court on Defendant's Motion to Dismiss [12] AND plaintiff's Motion for Application for Subpoena [13]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendant's Motion to Dismiss should be **GRANTED** AND plaintiff's Motion for Application for Subpoena should be **DENIED as moot**.

## B A C K G R O U N D

The United States has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). (Mot. to Dismiss [12] at 1.) The Court draws the facts of this case from the plaintiff's *pro se* Complaint ("Compl.") [2], Amended Complaint ("Am. Compl.") [4], and

Motion in Opposition of Defendant's Motion to Dismiss ("Mot. in Opp'n") [13].

## I.   Factual Background

In April 1999, while on temporary assignment in Atlanta, Internal Revenue Service employee William W. Hannon accidentally left a Dell Latitude 386 laptop computer belonging to the IRS in the trunk of a rental car. (Decl. of William W. Hannon, attach. as Ex. H to Compl. ("Decl. Hannon") at ¶ 4.) After learning that the rental car agency could not find the computer, Agent Hannon reported the loss to the College Park, Georgia Police Department. (*Id.*) Using information obtained from an IRS database, Agent Hannon provided the police with the computer's serial number, 82228, and IRS bar code, A001389566. (*Id.* at ¶¶ 4-5.) The police entered the identification numbers, along with a description of the computer, into a stolen property database. (*Id.* at ¶ 4.) More than two years later, on August 11, 2001, plaintiff Jerry Terrell was charged with possession of stolen property in Cobb County, Georgia, after the Cobb County District Attorney learned that he had pawned a Dell laptop that matched the description and serial number of Agent Hannon's computer in the crime database. (Compl. at ¶¶ 7-8.)

As it turns out, the number 82228 was not the serial number of Agent Hannon's missing computer or the computer that plaintiff pawned. (*Id.* at ¶ 21.) Rather, 82228 was the model number of both

2

computers.[1]   (*Id.*)   The model number is not unique to any particular computer; it appears on perhaps thousands of Dell Latitude computers of the same type.   (*Id.*)   After learning that the identification numbers were mistaken, and having no other evidence to prove that the computer plaintiff pawned was the one stolen from the IRS, the Cobb County District Attorney dropped all charges pending against plaintiff.   (Entry of Nolle Prosequi, attach. as Ex. F to Compl.)[2]

## II.   Procedural Background

On July 14, 2004, plaintiff filed this suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 (2005) *et seq.*, for emotional suffering and lost wages incurred as a result of his arrest.   Plaintiff alleges that Agent Hannon was negligent in reporting an incorrect serial number to the College Park police department, and also in failing to promptly notify the Cobb

---

[1] Plaintiff does not explain what happened to the computer that he pawned.   (*See generally* Compl.)

[2] On November 18, 2000, Agent Hannon's computer was stolen again, this time from a computer reseller's booth at the Gibraltar Trade Center in Mount Clemens, Michigan.   (Mount Clemens Police Dept. Incident Rep. [2] at 1.)   Security officers caught the thief in the trade center's parking lot and the police traced the laptop to Agent Hannon using the ten-digit IRS bar code. (Decl. Hannon at ¶¶ 7-8.) On March 11, 2002, after he returned the recovered computer to the IRS, Agent Hannon learned that the computer's serial number was 8Q7CZ.7101.   (*Id.* at ¶ 10.)   Plaintiff claims that Agent Hannon first notified the Cobb County District Attorney of the correct serial number on March 31, 2002.   (Am. Compl. at ¶ 2.)

AO 72A
(Rev.8/82)

County District Attorney after learning the computer's correct serial number on March 11, 2002.  Plaintiff also alleges that the IRS was negligent in failing to maintain an accurate property database.

The United States has moved to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), alleging that under the Federal Tort Claims Act the United States is exempt from liability for claims of misrepresentation.  Because the Court concludes that this motion should be granted, the Court will not consider the United States' alternative motion for failure to state a claim for which relief can be granted.

## D I S C U S S I O N

### I.  Standard of Review under Rule 12(b)(1)

Attacks on subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) come in two forms: (1) facial attacks, and (2) factual attacks.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  Facial attacks on a complaint "'require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'"  *Id.* at 1529.  Factual attacks challenge "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  *Id.*  In a factual attack, the presumption of

4

truthfulness afforded a plaintiff under FED. R. CIV. P. 12(b)(6) does not attach, and the court is free to weigh the evidence. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981).[3]

In ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(1), the Court must read the plaintiff's *pro se* allegations liberally. *See Woods v. Comm'r, IRS*, 8 F. Supp. 2d 1357 (M.D. Fla. 1998); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The plaintiff "should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence." *Williamson*, 645 F.2d at 414.

The attack on subject matter jurisdiction in this case is factual. All relevant facts have nonetheless been taken from the

---

[3] On October 1, 1981, Congress divided the Fifth Circuit of the United States Court of Appeals into the new Fifth and Eleventh Circuits. Decisions rendered by the old Fifth Circuit are binding as precedent to courts within the Eleventh Circuit, unless later overruled by the Eleventh Circuit or the Supreme Court. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

AO 72A
(Rev.8/82)

plaintiff's filings with the Court.[4]  The plaintiff has been afforded

an opportunity to respond to the motion to dismiss and to controvert

the United States' jurisdictional argument.  (*See* Mot. in Opp'n.)

**II. Motion to Dismiss Pursuant to 12(b)(1)**

Generally, sovereign immunity shields the federal government

from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v.*

*Frank*, 486 U.S. 549, 554 (1988).  Absent an express waiver of

sovereign immunity, courts lack subject matter jurisdiction over a

suit against the United States.  *Meyer*, 510 U.S. at 475; see also

*United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic

that the United States may not be sued without its consent and that

the existence of consent is a prerequisite for jurisdiction.").

Congress may waive the federal government's sovereign immunity by

statute; the terms of any such waiver will define the court's

jurisdiction over the suit.  *United States v. Sherwood*, 312 U.S. 584,

586 (1941).

The Federal Tort Claims Act ("FTCA") provides for a limited

waiver of the federal government's sovereign immunity, granting

original jurisdiction to the federal district courts over civil

actions against the United States for certain injuries "caused by the

---

[4]     Defendant's Motion to Dismiss appears to take all relevant
facts entirely from plaintiff's pleadings as well.  (*See* Mot. to
Dismiss.)

6

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (2005). Congress has adopted several exceptions to this provision of the FTCA, withdrawing the federal government's consent to be sued for certain actions of government employees. *See* 28 U.S.C. § 2680 (2005). If the alleged conduct falls within one of these exceptions, the court is without subject matter jurisdiction and must dismiss the suit. *Dalehite v. United States*, 346 U.S. 15, 24 (1953).

The United States, asserting sovereign immunity in this case, alleges that the conduct of Agent Hannon and the IRS falls under the exception to the FTCA's waiver of sovereign immunity for "any claim arising out of ... misrepresentation." 28 U.S.C. § 2680(h) (2005). For the purpose of applying this exception, misrepresentation is the failure "to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in conduct of his economic affairs." *United States v. Neustadt*, 366 U.S. 696, 706 (1961); *see also JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (2000) ("The test in applying the misrepresentation exception is whether the essence of the claim involves the government's failure to use due care in obtaining and communicating information."). "The misrepresentation exception

7

encompasses failure to communicate as well as miscommunication." *JBP Acquisitions, LP*, 224 F.3d at 1265 n.3.

The scope of the misrepresentation exception was sharply defined in *Block v. Neal*, 460 U.S. 289 (1983). In *Block*, the Court restated the rule that the misrepresentation exception bars any action where the plaintiff's claims rest upon the government actor's negligence in obtaining or communicating information, even if the plaintiff characterizes his action under a different tort theory. Notwithstanding this rule, the Court held that the misrepresentation exception did not preclude the plaintiff's claim that defects in his house were partly attributable to the failure of a government official to properly inspect the construction of plaintiff's home. Although the misrepresentation exception would appear to apply because plaintiff's injury resulted from his reliance upon the government official's negligently prepared inspection report, the Court recognized that the official's duty to use due care in inspecting the home and ensuring that it was built to the appropriate specifications was distinct from the official's duty to use due care in communicating information to the plaintiff through the report. Thus, the misrepresentation exception "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Id.* at 297.

8

Here, plaintiff characterizes his action as one based entirely on the government's negligent misrepresentation of the stolen computer's serial number. Thus, the distinction made in *Block* does not apply. The amended complaint alleges that his incarceration was the "direct cause of negligent misinformation" provided by Agent Hannon to the police and that Agent Hannon was negligent because he "clearly [knew] the correct serial number" on March 11, 2002 but didn't provide it to the authorities until March 31, 2002. (Am. Compl. at ¶¶ 1-2.) The amended complaint thus requires dismissal because the government's negligent misrepresentation of information is plaintiff's only stated cause of action.

Beyond the *pro se* plaintiff's own description of his claims as "negligent misrepresentation," plaintiff's other filings with the court do not contain facts to support an independent cause of action that would keep the case alive even under the rule set forth in *Block*. Assuming plaintiff's allegations to be true, plaintiff's injuries were caused by three factors: (1) Agent Hannon's failure to use due care in reporting a correct serial number upon the initial report of the computer's theft; (2) the IRS's failure to use due care in maintaining the property database that contained the incorrect serial number; and (3) Agent Hannon's failure to promptly report the

9

correct serial number when he learned of it.[5]  The essence of each of these acts is that the government actor in question did not "use due care in obtaining and communicating information."   The plaintiff's allegations are therefore covered by the misrepresentation exception to the FTCA.

As the federal government has withdrawn its consent to be sued under the FTCA for the actions of which plaintiff complains, the Court must dismiss for lack of subject matter jurisdiction.

## C O N C L U S I O N

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Plaintiff's Motion for Application for Subpoena.


SO ORDERED, this ___ day of November, 2005.


_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's claim that an Agent Philip Patterson disposed of the computer, destroying evidence that would have exonerated him, is not relevant to this action, as all criminal charges against plaintiff were eventually dropped.

10